UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MIA SANTA CRUZ,

           Plaintiff

-against-

PECONIC LANDING AT SOUTHHOLD, INC, DIANE RADIGAN, and PATRICIA LUTZKY,

           Defendants.

Case No.: 22-cv-4940

**FLSA COLLECTIVE ACTION COMPLAINT**

**DEMAND FOR JURY TRIAL**

Plaintiff, MIA SANTA CRUZ ("Plaintiff"), by and through her undersigned attorneys, Sacco & Fillas LLP, files this Complaint against Defendant, PECONIC LANDING AT SOUTHHOLD, INC ("Defendant"), located at 1500 Brecknock Road, Greenport, New York 11944, states as follows:

## I. NATURE OF THE ACTION

1. This action is brought to recover unpaid minimum and overtime wages, unpaid spread-of-hours pay, liquidated damages, statutory damages, attorney's fees, costs, interest, and other monies pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA"), New York Labor Law § 190, et seq. ("NYLL"), and the New York Wage Theft Prevention Act ("WTPA").

## II. JURISDICTION AND VENUE

2. This court has jurisdiction of Plaintiff's federal law claims pursuant to 28 U.S.C. §§ 1331, § 1332 and 1337, and Section 16(b) of the FLSA, 29 U.S.C. § 216(b). This court has jurisdiction of Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a), because the state law claims are so related to Plaintiff's federal claims that they form a part of the same case or controversy between the parties.

1

3.	Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) and 29 U.S.C. § 1132(e)(2), because Defendants operate facilities in, and a substantial part of the events giving rise to the claims occurred in, this judicial district.

### III. PARTIES

#### A. Plaintiff MIA SANTA CRUZ

4.	Plaintiff, MIA SANTA CRUZ, is an adult resident of Suffolk County, New York.

5.	Plaintiff, MIA SANTA CRUZ, was employed by Defendants at their business, "Peconic Landing" at 1500 Brecknock Road, Greenport, New York 11944.

6.	Plaintiff, MIA SANTA CRUZ, was employed by Defendants as a communication specialist whose responsibilities included, inter alia, providing information to members about menus, events, and entertainment services, assisting with scheduling dining events, generating notices for food services events, setting up online menus, updating menus available, transcribing a menu for visually impaired individual(s), video recording and photographing farm-to-table events.

7.	Plaintiff, MIA SANTA CRUZ, did not supervise other employees.

8.	Plaintiff, MIA SANTA CRUZ, did not have authority to hire employees.

9.	Plaintiff, MIA SANTA CRUZ, did not have authority to fire employees.

10.	Plaintiff, MIA SANTA CRUZ's primary job duties did not require her to exercise independent discretion or judgment with respect to matters of significance of Defendant's business.

11.	At all relevant times, Plaintiff, MIA SANTA CRUZ, was a non-exempt employee under the FLSA and NYLL, who is entitled to overtime compensation for all hours worked over forty (40) per week.

12.	Throughout her employment, Plaintiff, MIA SANTA CRUZ, was an employee engaged in interstate commerce or in the production of goods for interstate commerce.

### B. Defendant PECONIC LANDING AT SOUTHHOLD, INC

13. Defendant, PECONIC LANDING AT SOUTHHOLD, INC, is a domestic, New York not-for-profit corporation with a principal place of business at 1500 Brecknock Rd, Greenport, NY 11944.

14. At all relevant times alleged herein, Defendant, PECONIC LANDING AT SOUTHHOLD, INC, is an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

15. At all relevant times alleged herein, Defendant, PECONIC LANDING AT SOUTHHOLD, INC, has employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

16. Within the three years prior to the filing of this Complaint, Defendant, PECONIC LANDING AT SOUTHHOLD, INC, had an annual gross volume of sales in excess of $500,000.

17. Defendant, PECONIC LANDING AT SOUTHHOLD, INC, is a 144-acre campus which houses more than approximately 400 members in a retirement community.

18. Defendant, PECONIC LANDING AT SOUTHHOLD, INC, has a theater, fitness amenities, dining, and other accommodations.

19. Defendant, PECONIC LANDING AT SOUTHHOLD, INC, offers lodging accommodations for hire.

20. Defendant, PECONIC LANDING AT SOUTHHOLD, INC, holds itself out as a membership club.

21. Defendant, PECONIC LANDING AT SOUTHHOLD, INC, includes an eating or drinking place that prepares and offers food or beverage for human consumption on its premises or by catering or banquet.

22. At all relevant times alleged herein, Defendant, PECONIC LANDING AT SOUTHHOLD, INC, has more than eleven (11) employees.

23. Upon information and belief, Defendant, PECONIC LANDING AT SOUTHHOLD, INC, has over 300 employees.

24. Upon information and belief, in 2018, Defendant, PECONIC LANDING AT SOUTHHOLD, INC, employed approximately 343 employees.

25. Defendant, PECONIC LANDING AT SOUTHHOLD, INC, hired Plaintiff, MIA SANTA CRUZ.

26. At all relevant times herein, Defendant, PECONIC LANDING AT SOUTHHOLD, INC, employed Plaintiff, MIA SANTA CRUZ.

27. At all relevant times herein, Defendant, PECONIC LANDING AT SOUTHHOLD, INC, paid Plaintiff, MIA SANTA CRUZ.

28. At all relevant times herein, Defendant, PECONIC LANDING AT SOUTHHOLD, INC, scheduled Plaintiff, MIA SANTA CRUZ's work hours.

29. At all relevant times herein, Defendant, PECONIC LANDING AT SOUTHHOLD, INC, supervised Plaintiff, MIA SANTA CRUZ.

30. Defendant, PECONIC LANDING AT SOUTHHOLD, INC, accepted the resignation of Plaintiff, MIA SANTA CRUZ.

31. At all relevant times, Defendant PECONIC LANDING AT SOUTHHOLD, INC, has been, and continues to be, an "employer" engaged in interstate commerce, within the meaning of the FLSA, 29 U.S.C. § 203.

32. At all relevant times, Defendant PECONIC LANDING AT SOUTHHOLD, INC, has been, and continues to be, an "employer" within the meaning of the New York Labor Law and regulations thereunder.

33. At all relevant times, Defendant PECONIC LANDING AT SOUTHHOLD, INC, is an "employer" pursuant to the FLSA, 29 U.S.A §203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law§ 2 and the Regulations thereunder.

### C. Defendant DIANE RADIGAN

34. Defendant DIANE RADIGAN is an adult resident of Suffolk County, New York and resides at 100 Pasture Lane, Mattituck, New York 11952.

35. Defendant, DIANE RADIGAN, has been Member Services Director at Peconic Landing since approximately 2014.

36. Defendant, DIANE RADIGAN, provides oversight and support in daily departmental operations.

37. Defendant, DIANE RADIGAN, participated in hiring Plaintiff MIA SANTA CRUZ.

38. Defendant, DIANE RADIGAN, participated in scheduling Plaintiff, MIA SANTA CRUZ's work hours.

39. Defendant, DIANE RADIGAN, directed Plaintiff, MIA SANTA CRUZ, at work.

40. Defendant, DIANE RADIGAN, supervised Plaintiff, MIA SANTA CRUZ, at work.

41. Defendant, DIANE RADIGAN, reprimanded Plaintiff, MIA SANTA CRUZ, at work.

42. Defendant, DIANE RADIGAN, had power to hire employees, including Plaintiff, MIA SANTA CRUZ.

43. Defendant, DIANE RADIGAN, had power to fire employees, including Plaintiff, MIA SANTA CRUZ.

44. Defendant, DIANE RADIGAN, had power to supervise employees, including Plaintiff, MIA SANTA CRUZ.

45. Defendant, DIANE RADIGAN, had power to determine rate and method of payment to employees including Plaintiff, MIA SANTA CRUZ.

46. Upon information and belief, Defendant, DIANE RADIGAN, as a member of the management team, had access to employment records for employees, including Plaintiff, MIA SANTA CRUZ

47. Defendant, DIANE RADIGAN, participated in the day-to-day operations and management of Defendant PECONIC LANDING AT SOUTHHOLD, INC and is an "employer" pursuant to the FLSA, 29 U.S.A §203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law§ 2 and the Regulations thereunder, and is jointly and severally liable.

### D. Defendant PATRICIA LUTZKY

48. Defendant PATRICIA LUTZKY is an adult resident of Suffolk County, New York and resides at 5 Corbett Court, East Quogue, New York 11942.

49. Defendant, PATRICIA LUTZKY, is the Senior Vice President of Member Services at Defendant PECONIC LANDING AT SOUTHHOLD, INC.

50. Defendant, PATRICIA LUTZKY, participated in hiring Plaintiff MIA SANTA CRUZ.

51. Defendant, PATRICIA LUTZKY, directed Plaintiff, MIA SANTA CRUZ, at work.

52. Defendant, PATRICIA LUTZKY, had power to schedule Plaintiff, MIA SANTA CRUZ, at work.

53. Defendant, PATRICIA LUTZKY, had power to hire employees, including Plaintiff, MIA SANTA CRUZ.

54. Defendant, PATRICIA LUTZKY, had power to fire employees, including Plaintiff, MIA SANTA CRUZ.

55. Defendant, PATRICIA LUTZKY, had power to supervise employees, including Plaintiff, MIA SANTA CRUZ.

56. Defendant, PATRICIA LUTZKY, had power to determine rate and method of payment to employees including Plaintiff, MIA SANTA CRUZ.

57. Defendant, PATRICIA LUTZKY, as a member of the management team, had access to employment records for employees, including Plaintiff, MIA SANTA CRUZ.

58. Defendant, PATRICIA LUTZKY, participated in the day-to-day operations and management of Defendant PECONIC LANDING AT SOUTHHOLD, INC and is an "employer" pursuant to the FLSA, 29 U.S.A §203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law§ 2 and the Regulations thereunder, and is jointly and severally liable.

## IV. FACTUAL ALLEGATIONS

59. Plaintiff, MIA SANTA CRUZ, worked for Defendants from before August of 2016 to approximately May 5, 2022.

60. From approximately, August 17, 2016, until approximately October 24, 2018, for approximately three (3) weeks of each month, Plaintiff, MIA SANTA CRUZ, worked approximately sixty-two (62) hours per week; and for approximately one (1) week of each month, Plaintiff, MIA SANTA CRUZ, worked approximately fifty-five (55) hours per week.

61. From approximately February 1, 2019, to approximately March 2020, for approximately three (3) weeks of each month, Plaintiff, MIA SANTA CRUZ, worked approximately sixty-two (62) hours per week; and, for approximately one (1) week of each month, Plaintiff, MIA SANTA CRUZ, worked approximately fifty-five (55) hours per week.

62. From approximately April to May 2020, Plaintiff, MIA SANTA CRUZ, worked approximately eighty-two (82) hours per week.

63. From approximately May 2020 to approximately May 5, 2022, for approximately three (3) weeks of each month, Plaintiff, MIA SANTA CRUZ, worked approximately sixty-two (62) hours per week; and for approximately one (1) week of each month, Plaintiff, MIA SANTA CRUZ, worked approximately fifty-five (55) hours per week.

64. Approximately six (6) days per week, Plaintiff, MIA SANTA CRUZ, worked a shift which began and ended more than ten (10) hours apart.

65. The foregoing work schedules may exclude approximately eight (8) days in 2017; approximately three (3) days in February 2018; approximately six (6) days in 2019; approximately five (5) days in 2021; approximately ten (10) days in 2022 and annual Christmas Day, New Year's Day and Thanksgiving Day.

66. Plaintiff was paid by check or direct deposit.

67. Plaintiff was paid a fixed salary on a bi-weekly basis.

68. The wages that Plaintiff, MIA SANTA CRUZ, received did not change based on the number of hours she worked.

69. In the year 2022, Plaintiff was paid approximately $2,010.90 in a bi-weekly fixed salary.

70. In the year 2021, Plaintiff was paid approximately $1,980 in a bi-weekly fixed salary.

71. In the year 2020, Plaintiff was paid approximately $1,920 in a bi-weekly fixed salary.

72. In the year 2019, Plaintiff was paid approximately $1,862 in a bi-weekly fixed salary.

73. In the year 2018, Plaintiff was paid approximately $1,806 in a bi-weekly fixed salary.

74. In the year 2017, Plaintiff was paid approximately $1,751 in a bi-weekly fixed salary.

75. In the year 2016, Plaintiff was paid approximately $1,698 in a bi-weekly fixed salary.

76. Defendant did not pay Plaintiff, MIA SANTA CRUZ, at one-and-one-half (1 ½) times her regular hourly rate for hours worked above forty (40) per week.

77. Defendant did not furnish Plaintiff, MIA SANTA CRUZ, with lawful wage notices upon hiring or whenever her pay rate changed.

78. Defendant did not furnish Plaintiff, MIA SANTA CRUZ, with each wage payment a wage statement that provided, inter alia, Plaintiff, MIA SANTA CRUZ's regular and overtime rates of pay and the number of hours worked.

79. Defendant did not furnish Plaintiff, MIA SANTA CRUZ, with each wage payment a wage statement that provided accurate number of hours worked in the pay period.

80. Upon information and belief, Defendants failed to monitor the work hours of Plaintiff regularly and accurately.

81. Upon information and belief, Defendants failed to document the start and end times of each shift worked by Plaintiff, MIA SANTA CRUZ.

82. Upon information and belief, Defendants did not maintain accurate and sufficient time records for Plaintiff, MIA SANTA CRUZ.

83. Upon information and belief, Defendants did not keep accurate track of Plaintiff's work hours.

84. Defendants knowingly and willfully operated the business with a policy of not paying Plaintiff, MIA SANTA CRUZ, for all hours worked, minimum wages, overtime, or spread-of-hours in direct violation of the FLSA and NYLL and the supporting federal and state regulations.

85. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff, MIA SANTA CRUZ, all earned wages in violation of the FLSA and NYLL.

V. **COLLECTIVE ACTION ALLEGATIONS**

86. Plaintiff brings the claims in this Complaint arising out of the FLSA on behalf of herself and all similarly situated waitstaff who are or were employed at Defendant, PECONIC

LANDING AT SOUTHHOLD, INC since the date three years prior to the filing of this action who elect to opt-in to this action (the "FLSA Collective").

87. The FLSA Collective consists of approximately thirty similarly situated misclassified staff members who have been victims of Defendants' common policy and practices that have violated their rights under the FLSA by, inter alia, willfully denying them minimum wages, overtime wages, and other monies.

88. As part of their regular business practice, Defendants have intentionally, willfully, and repeatedly harmed Plaintiff and the FLSA Collective by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL. This policy and pattern or practice includes, inter alia, the following:

    a. failing to pay the FLSA Collective the statutory minimum wage for all hours worked;

    b. failing to pay the FLSA Collective overtime wages at one and one-half times their regular hourly wage rates for all hours worked over forty per workweek;

    c. failing to keep full and accurate records of all hours worked by the FLSA Collective, as required by the FLSA and NYLL.

89. Defendant engaged in its unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees their compensation.

90. Defendant's unlawful conduct has been intentional, willful, and in bad faith, and has caused significant monetary damage to Plaintiff and the FLSA Collective.

91. The FLSA Collective would benefit from the issuance of a court supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable and locatable through their records. Those similarly situated employees should be notified of and allowed to opt into this action pursuant to 29 U.S.C. § 216(b).

## VI. CLAIMS

### A. FIRST CLAIM - Fair Labor Standards Act - Unpaid Overtime

92. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

93. Defendants were required to pay Plaintiff one and one-half (1½) times her regular hourly rate for all hours worked in excess of forty hours in a workweek pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207 et seq.

94. Defendants have failed to pay Plaintiff the overtime wages to which she was entitled under the FLSA.

95. Defendants have willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiff overtime wages.

96. Due to Defendants' violations of the FLSA, Plaintiff is entitled to recover unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre- and post-judgment interest.

### B. SECOND CLAIM - New York Labor Law - Unpaid Overtime

97. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

98. Under the NYLL and supporting New York State Department of Labor ("NY DOL") regulations, Defendants were required to pay Plaintiff one and one-half (1½) times her regular hourly rates for all hours worked in excess of forty.

99. Defendants have failed to pay Plaintiff the overtime wages to which she was entitled under the NYLL.

100. Defendants have willfully violated the NYLL by knowingly and intentionally failing to pay overtime wages.

101. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover unpaid overtime wages, reasonable attorneys' fees and costs of the action, liquidated damages, and pre- and post-judgment interest.

### C. THIRD CLAIM - New York Labor Law - Spread-of-Hours Pay

102. Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

103. Defendants have willfully failed to pay Plaintiff additional compensation of one hour's pay at the basic minimum hourly wage rate for each day during which she worked more than ten hours.

104. By Defendants' failure to pay Plaintiff spread-of-hours pay, Defendants willfully violated the NYLL Article 19, §§ 650, et seq., and the supporting New York State Department of Labor Regulations, including, but not limited to, the Wage Hospitality Industry Wage Order, 12 N.Y.C.R.R. § 146-1.6.

105. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover an amount prescribed by statute, reasonable attorneys' fees and costs of the action, pre- and post-judgment interest, and liquidated damages.

### D. FOURTH CLAIM - FLSA - Unpaid Minimum Wages

106. Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

107. The FLSA requires that employers pay employees a minimum wage for the first forty hours worked in a workweek.

108. Defendants are employers within the meaning of 29 U.S.C. §§ 203(e) and 206(a) and employed Plaintiff.

109. The minimum wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 et seq. and the supporting federal regulations, apply to Defendants.

110. Defendants failed to pay Plaintiff the minimum wages to which she was entitled under the FLSA.

111. Defendants willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiff the required minimum wage rate for hours worked up to forty per workweek.

112. As a result of Defendants' willful violations of the FLSA, Plaintiff is entitled to recover unpaid minimum wages, liquidated damages, pre-judgment and post-judgment interest, and reasonable attorneys' fees and costs of the action.

### E. **FIFTH CLAIM - NYLL - Unpaid Minimum Wages**

113. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

114. Defendants are employers within the meaning of the NYLL §§ 190 et seq., 651(5), 652, and supporting New York State Department of Labor ("NYDOL") regulations, including but not limited to 12 N.Y.C.R.R. Part 142 and 146.

115. Defendants failed to pay Plaintiff the minimum hourly wages to which she was entitled under the NYLL.

116. Defendants have willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiff the minimum hourly wage rate for hours worked up to forty per workweek.

117. As a result of Defendants' willful violations of the NYLL, Plaintiff is entitled to recover unpaid minimum wages, liquidated damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs of the action.

### F. **SIXTH CLAIM - NYLL Wage Theft Prevention Act - Failure to Provide Wage Statements**

118. Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

119. The NYLL and the WTPA require employers to provide employees with an accurate wage statement each time they are paid.

120. Throughout Plaintiff's employment with Defendants, Defendants paid Plaintiff without providing a wage statement at the end of every pay period accurately listing, inter alia, the regular and overtime rate or rates of pay; the number of regular and overtime hours worked per pay period; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages, in violation of NYLL § 195(3).

121. As a result of Defendants' violation of NYLL § 195(3), Plaintiff is entitled to recover statutory damages, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to NYLL § 198(1-d).

### G. SEVENTH CLAIM - NYLL Wage Theft Prevention Act - Failure to Provide Wage Notices

122. Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

123. The NYLL and the WTPA, as well as the NYLL's interpretive regulations, such as but not limited to 12 N.Y.C.R.R. Part 146, require employers to provide all employees with a written notice of wage rates at the time of hire and whenever there is a change to an employee's rate of pay.

124. Defendants failed to furnish Plaintiff at the time of hiring, or whenever the rate of pay changed, with a wage notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage including tip, meal, or lodging allowances; the regular payday designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business and a mailing address if different; the telephone number of the employer, and anything otherwise required by law; in violation of the NYLL § 195(1).

125. Due to Defendants' violation of NYLL § 195(1), Plaintiff is entitled to recover statutory damages, reasonable attorneys' fees, and costs of the action, pursuant to the NYLL § 198(1-b).

## VII.   **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, on behalf of herself and the FLSA Collective, respectfully requests that this Court enter a judgment

   a.  authorizing the issuance of notice at the earliest possible time to all potential FLSA Collective members, composed of non-exempt workers who were employed by Defendants during the three years immediately preceding the filing of this action. This notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit;

   b.  declaring that Defendants have violated the minimum wage and overtime wage provisions of the FLSA, the NYLL, and the NYDOL regulations;

   c.  declaring that Defendants violated the spread-of-hours pay provision of the NYLL and NYDOL Regulations;

   d.  declaring that Defendants violated the wage notice and wage statement provisions of the NYLL and WTPA;

   e.  declaring that Defendants' violations of the FLSA and the NYLL were willful;

   f.  awarding Plaintiff and other workers who opt-in to this action damages for unpaid minimum wages;

   g.  awarding Plaintiff and the FLSA Collective damages for unpaid overtime wages;

   h.  awarding Plaintiff and the FLSA Collective unpaid spread-of-hours pay;

   i.  awarding Plaintiff and the FLSA Collective statutory damages as a result of Defendants' failure to furnish them with wage notices and accurate wage statements pursuant to the NYLL and WTPA;

   j.  awarding Plaintiff and the FLSA Collective liquidated damages in an amount equal to the total amount of wages found to be due pursuant to the FLSA;

    k.  awarding Plaintiff and the FLSA Collective pre-judgment and post-judgment interest under the NYLL;

    l.  awarding Plaintiff and the FLSA Collective reasonable attorneys' fees and costs pursuant to the FLSA and the NYLL; and

    m.  awarding such other and further relief as the Court deems just and proper.

Dated: August 19, 2022  
Astoria, New York

Signed,

By: _____/s/ Clifford Tucker_____  
Clifford Tucker, Esq.  
Sacco & Fillas LLP  
3119 Newtown Ave., 7th Floor  
Astoria, New York 11104  
Ph: 718-269-2243  
CTucker@SaccoFillas.com

## CONSENT TO SUE

## REQUEST TO BECOME A PARTY-PLAINTIFF

I hereby consent to become a party plaintiff in an action to recover unpaid overtime, and other relief under the Fair Labor Standards Act. (Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)

Name/Nombre: __Mia Santa Cruz__

Legal Representative:
Sacco & Fillas LLP
3119 Newtown Ave, Seventh Floor
Astoria, NY 11102

Signature/Firma: _X Mia Santa Cruz_   Date/Fecha: _05/18/2022_, 2022

# NOTICE OF INTENTION TO ENFORCE SHAREHOLDER
# LIABILITY FOR SERVICES RENDERED

**TO**: PECONIC LANDING AT SOUTHHOLD, INC

**PLEASE TAKE NOTICE**, that pursuant to the provisions of Section 630 of the Business Corporation Law of New York, you are hereby notified that MIA SANTA CRUZ and others similarly situated intend to charge you and hold you personally liable, jointly and severally, as one of the ten largest shareholders of PECONIC LANDING AT SOUTHHOLD, INC for all debts, wages, and/or salaries due and owing to them as laborers, servants and/or employees of the said corporations for services performed by them for the said corporations within the six (6) years preceding the date of this notice and have expressly authorized the undersigned, as their attorney, to make this demand on their behalf.

Dated: Queens, New York  
           August 18, 2022

SACCO & FILLAS LLP

By: _____/s/ *Clifford Tucker*_____  
    Clifford Tucker, Esq.  
    3119 Newtown Ave, Seventh Floor  
    Astoria, NY 11102  
    Tel: 718-269-2243  
    Fax: 718-559-6517  
    *Attorneys for Plaintiffs*

## DEMAND BY EMPLOYEE TO INSPECT SHARE RECORDS AND MINUTES PURSUANT TO SECTION 624 OF THE NEW YORK STATE BUSINESS CORPORATION LAW

**TO**: PECONIC LANDING AT SOUTHHOLD, INC

**PLEASE TAKE NOTICE**, that MIA SANTA CRUZ, and others similarly situated as employees of the above corporations who intend to demand, pursuant to the provisions of Section 630 of the Business Corporation Law of New York, payment of debts, wages and/or salaries due and owing to them as laborers, servants and/or employees of the above corporations for services performed by them for the above corporations within the six (6) years preceding the date of this notice from the ten largest shareholders of the above corporations, and who have expressly authorized the undersigned, as their attorney, to make this demand on their behalf,

**HEREBY DEMAND** the right to examine, in person or by agent or attorney, during usual business hours, the minutes of the proceedings of the shareholders and records of shareholders of the above corporations and to make extracts therefrom on or after five (5) days from receipt of this notice

Dated: Queens, New York
        August 18, 2022

SACCO & FILLAS LLP

By: _____/s/ *Clifford Tucker*_____
    Clifford Tucker, Esq.
    3119 Newtown Ave, Seventh Floor
    Astoria, NY 11102
    Tel: 718-269-2243
    Fax: 718-559-6517
    *Attorneys for Plaintiffs*